

**ORDERED in the Southern District of Florida on April 02, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:                                              CASE NO: 07-19437-BKC-PGH

John H. Jevne
Monique P. Jevne,                                   Chapter 7 Proceedings
     Debtors.
_____/

## MEMORANDUM ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS AND APPLICATION FOR TURNOVER

**THIS MATTER** came before the Court for hearing on February 13, 2008, upon Michael R. Bakst's ("Trustee") *Objection to Claimed Exemptions and Application for Turnover* ("Objection"), wherein the Trustee objects to John H. Jevne and Monique P. Jevne's (collectively, "Debtors") claim of exemption for their Florida residence and for two motor vehicles.

**<u>BACKGROUND</u>**

The facts of this matter are undisputed.[1] The Debtors filed a voluntary Chapter 7 petition on October 31, 2007. The Debtors were domiciled in Rhode Island from September 1994 through July 6, 2006. Thereafter, the Debtors moved to Florida, and in June 2006, the Debtors purchased real property located in Vero Beach, Florida ("Real Property") for $325,000.00. The Debtors' Schedule A lists and values the Real Property at $292,500.00. The Debtors' Schedule D discloses liens on the Real Property consisting of a first mortgage in the amount of $256,900.47. The Debtors claimed the Real Property as exempt pursuant to Rhode Island Statutes § 9-26-4.1, which provides for a $300,000 homestead exemption.

The Debtors also listed two jointly owned vehicles on Schedule B: a 2000 Volvo S70 which they valued at $7,505.00, and a 2006 Chevrolet Trailblazer which they valued at $16,440.00. There are no liens listed for either vehicle on Debtors' Schedule D. The Debtors initially claimed an exemption of $10,000.00 for each of the vehicles. The Debtors subsequently amended their schedules to allocate an aggregate exemption of $20,000.00 between the two vehicles. Based upon the Debtors' amended schedules, the vehicles are worth $3,945.00 in excess of the exemption allowed under Rhode Island Statutes § 9-26-4(13).

---

[1] The parties filed a *Stipulation of Facts in Regard to Trustee's Objection to Claimed Exemptions and Application for Turnover* (C.P. #46).

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## CONCLUSIONS OF LAW

### 1.   *BAPCPA's alterations to § 522(b)(3)(A)*

Prior to the 2005 enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), a debtor's domicile for the 180-day pre-petition period determined what exemptions were available to a debtor, and a debtor's place of residence for the same 180-day period determined the proper venue for filing a debtor's bankruptcy petition. Thus pre-BAPCPA, the usual result was that applicable exemption laws were construed by courts located within the state whose exemption law applied.

In an effort to thwart forum shopping by debtors who move to states with more generous exemption rights, Congress substantially amended 11 U.S.C. § 522(b)(3)(A) and provided a complicated choice of law provision that determines the exemptions that a debtor may claim:

> (3) Property listed in this paragraph is--
>
> (A)  subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in

3

which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

11 U.S.C. § 522(b)(3)(A).

As amended, § 522(b)(3)(A) lengthened the time that a debtor must be domiciled in a state in order for the debtor to avail himself of that state's property exemptions from 180 days to 730 days. If a debtor's domicile was not located at a single location for 730 days, the state law where the debtor was domiciled for 180 days immediately preceding the 730-day period, or for the longest portion of such 180-day period, provides the applicable exemption law. See 11 U.S.C. § 522(b)(3)(A). Juxtaposed against § 522(b)(3)(A), however, is the fact that the determination of venue remains unchanged post-BAPCPA. The debtor's place of residence for the 180-day period immediately preceding commencement of the case continues to determine the venue for filing a bankruptcy petition. See 28 U.S.C. § 1408. Thus, if a debtor has not been domiciled in one place for at least two years, the exemption law of the state where the debtor resides will not apply. Consequently, one of the effects of BAPCPA's comprehensive changes to the choice of law provision contained in § 522(b)(3)(A), is that courts are now required to construe varying exemption laws of many different states.

## 2.   *Do homestead exemptions apply extraterritorially?*

Section 522(b)(3)(A)'s new choice of law provision requires

4

courts to construe state exemption laws to determine if a particular state's homestead law applies extraterritorially. Thus, post-BAPCPA the issue of whether a state's homestead law applies to real property located outside the state has become critical to determining the available homestead exemptions for debtors who move within two years prior to filing a bankruptcy petition.

In some states, the homestead statute's plain language explicitly limits its application to property within the state. For example, Alaska's homestead statute § 09.38.010 states that the exemption is available for "*property in this state* used as the principal residence." Alaska Stat. § 09.38.010 (emphasis added). Colorado statutes similarly restrict Colorado's homestead exemption by providing that "*[e]very homestead in the state of Colorado* shall be exempt . . .". Colo. Rev. Stat. § 38-41-201 (emphasis added).

Where homestead statutes are silent on the propriety of their extraterritorial application, courts in some states have construed homestead laws to have no extraterritorial force. *See e.g.*, *In re Sanders*, 72 B.R. 124, 125 (Bankr. M.D. Fla. 1987)("Article 10, § 4(a)(1) of the Florida Constitution . . . governs homestead exemptions. Implicit within that section is the requirement that the property being claimed as exempt homestead be located in the State of Florida."); *In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002)(determining that while neither the constitutional nor statutory exemption explicitly limits the homestead exemption to

homesteads in Kansas, the Kansas Supreme Court has held that state exemption law is without effect beyond the territorial boundaries of the state).

While courts in other states have construed their state's facially nonrestrictive homestead laws to have extraterritorial effect. *See e.g., In re Weza*, 248 B.R. 470, 473 (Bankr. D.N.H. 2000)("The New Hampshire homestead exemption may be utilized by the Debtor to exempt an interest in property located outside New Hampshire because the language of the homestead statute, [N. H. Rev. Stat. §] 480:1, does not limit the homestead exemption to property located in New Hampshire"). In *In re Dentrell*, 403 F.3d 611 (8th Cir. 2005), the Eighth Circuit affirmed the bankruptcy appellate panel's determination that Minnesota's homestead exemption applied to the debtor's Arizona residence based upon the applicable Minnesota statute's silence as to its extraterritorial effect, and the strong policy of liberally construing exemption laws in favor of the debtor. *Id.* at 615. In support of its analysis, the *Dentrell* panel cited *In re Arrol*, 170 F.3d 934 (9th Cir. 1999), and *In re Stratton*, 269 B.R. 716 (Bankr. D. Ore. 2001). *See In re Dentrell*, 309 B.R. 320, 326-327 (B.A.P. 8th Cir. 2004), *aff'd*, 403 F.3d 611 (8th Cir. 2005).

In *Arrol*, the Ninth Circuit affirmed the bankruptcy court's determination that California's homestead exemption law applied extraterritorially to the debtor's Michigan residence. *In re Arrol*,

6

170 F.3d at 937. The *Arrol* court found "nothing in the California exemption statutory scheme, its legislative history, or its interpretation in California case law to limit the application of the homestead exemption to dwellings within California." *Id.* The court was also "mindful of the strong policy underlying both California law and federal bankruptcy law to interpret exemption statutes liberally in favor of the debtor." *Id.* Similarly, in *In re Stratton,* 269 B.R. 716 (Bankr. D. Ore. 2001), the court found the debtor's California residence was exempt pursuant to Oregon's homestead statue which was silent as to its extraterritorial effect. The *Stratton* court also noted the policy of liberal interpretation of homestead exemption laws. *Id.* at 718.

Accordingly, if the language of a state's homestead statute restricts its application to property located within the state, the statute cannot be given extraterritorial effect by this Court. If the plain language of a state's homestead statute is silent as to its extraterritorial effect, the Court will look to that state's case law precedent to determine if the state's homestead statute can be applied to property outside of the state. If the state's homestead statute is silent as to its extraterritorial effect and there is no case law precedent determining the propriety of its extraterritorial application, the Court believes it is appropriate to interpret the state's homestead law to apply extraterritorially based upon the strong policy of liberally construing exemptions in

7

favor of the debtor as espoused by the Eighth and Ninth Circuit Courts of Appeal.[2]

### 3.   *Debtors' Florida Real Property is Exempt Pursuant to Rhode Island Homestead Law*

In this case, the Debtors cannot use Florida's exemptions because they were not domiciled in Florida for 730 days prior to filing their petition. The Trustee does not dispute that Rhode Island exemptions were properly claimed by the Debtors for their automobiles, which are located in Florida, pursuant to the choice of law provisions of § 522(b)(3)(A). Nevertheless, the Trustee objects to the extraterritorial application of Rhode Island's homestead exemption for the Debtors' residence which is also located in Florida.

It is the Trustee's position that Rhode Island's homestead law applies only to real property located within Rhode Island, and therefore it cannot apply to the Debtors' Real Property located in

---

[2] The Court notes that § 522(b)(3) provides an exemption saving clause in its "hanging paragraph" which allows a debtor to claim federal exemptions in cases where a debtor could be left with no available exemptions. This provision states:

> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C. § 522(b)(3).

Thus, if the applicable exemption law of the debtor's domicile requires that the debtor reside within the state to claim exemption rights, or if the state law does not permit an exemption to be taken on property located outside the state, the debtor may still claim the federal exemptions even if the state of the debtor's domicile is an opt-out state that prohibits its residents from using the federal exemptions. *In re Fabert*, 2008 WL 104104, *3 (Bankr. D. Kan. Jan. 9, 2008).

8

Florida. In support of his position, Trustee cites this Court's opinion in *In re Schlakman*, 2007 WL 1482011 (Bankr. S.D. Fla. 2007). In *Schlakman*, this Court noted that while the plain language of Florida's homestead provision, Article X, Section 4 of the Florida Constitution, did not address whether a homestead claimed as exempt must be located within Florida, cases construing Florida's homestead provision had consistently held that Florida's homestead provision applies only to real property located within Florida. *See, e.g., In re Sanders*, 72 B.R. 124 (Bankr. M.D. Fla. 1987); *In re Dicks,* 341 B.R. 327 (Bankr. M.D. Fla. 2006); *In re Adams*, 375 B.R. 532 (Bankr. W.D. Mo. 2007). Although the Court's holding in *Schlakman* is in harmony with the analysis in this case, the Trustee points to dicta in *Schlakman* stating that homestead laws should not be applied with extraterritorial force. However, *Schlakman* involved a debtor who had been domiciled in Florida for approximately four years, and therefore, even under BAPCPA, Florida provided the exemption law for the debtor's claims of exemption. Moreover, *Schlakman* was a pre-BAPCPA case that did not involve §522(b)(3)(A)'s new choice of law provision. Although it is well settled that Florida's homestead exemption applies only to property located in Florida, the debtor in *Schlakman* attempted to apply Florida's homestead exemption to property located in New York. In contrast, in this case the Court must determine whether Rhode Island's homestead exemption applies extraterritorially to Debtors'

9

Real Property located in Florida pursuant to the new choice of law provisions of § 522(b)(3)(A).

The applicable homestead statute in this case, Rhode Island Gen. Laws § 9-26-4.1, is silent as to its extraterritorial effect, and there is no case law on point.[3] Given the strong policy of liberally construing exemptions in favor of debtors to assist with a debtor's fresh start, the Court finds that Rhode Island's homestead exemption applies extraterritorially to the Debtors' Florida residence.

### 4.    *The Motor Vehicles*

The Trustee also objected to the Debtors' claim of exemption in two motor vehicles. The Trustee initially objected to the Debtors' claimed vehicle exemptions because he had no evidence that the vehicles were jointly owned. The Trustee further argued that it was improper to aggregate or "stack" the Debtor's individual vehicle exemptions toward multiple vehicles. In subsequent pleadings, the Trustee indicated that he had seen the titles evidencing that the Debtors' joint ownership of the vehicles. In addition, the Trustee now concedes that Rhode Island law permits

---

[3] In *In re Franklino,* 329 B.R. 363 (Bankr. D.R.I. 2005) the parties stipulated that Rhode Island's homestead statute applied to property located in Connecticut. The *Franklino* court offered no opinion on the propriety of this stipulation. The issue for the court's determination was whether the debtor had the required intent to live in the subject property.

In light of the absence of Rhode Island case law on the issue, the Court would not hesitate to certify to the Rhode Island Supreme Court the question of whether Rhode Island Gen. Laws § 9-26-4.1 has extraterritorial effect. Unfortunately, the Court is without a procedure that would allow it to do so.

10

stacking of exemptions to allow the Debtors an aggregate exemption of $20,000.00 in the vehicles. However, the Trustee still disputes the value of the 2006 Chevrolet Trailblazer and seeks turnover of this vehicle so that it can be sold, with the Debtors to receive their allowed exemption from the sale proceeds. Alternatively, the Trustee states that he is amenable to permitting the Debtors to pay an amount equal to the equity above exemptions on the Chevrolet Trailblazer, provided the parties can reach an agreement as to its value. Without an agreement as to the value of the Chevrolet Trailblazer, the Court is unable to determine its value without an evidentiary hearing. If the value of the vehicle remains disputed, the parties should contact the Court's Courtroom Deputy to set an evidentiary hearing at which time the Court will determine the value of the vehicles and the Trustee's request for turnover.

## ORDER

The Court, having reviewed the Objection, all pleadings related thereto, the arguments of the parties, the applicable law, and being otherwise fully advised in the premises, hereby

**ORDERS AND ADJUDGES** that:

1.  Trustee's objection to Debtors' claim of homestead exemption pursuant to R.I. Gen. Laws § 9-26-4.1 is **OVERRULED**. The Court finds that R.I. Gen. Laws § 9-26-4.1 applies extraterritorially to the Debtor's residence located in Florida.

2.  If necessary, the parties should contact the Court's Courtroom Deputy to set an evidentiary hearing to determine the value of the 2006 Chevrolet Trailblazer. The Court will determine the merits of the Trustee's

11

request for turnover at that time.

### 

Copies Furnished To:

Michael Bakst, Esq.
Julianne Frank, Esq.

AUST